## STATUTE RELATING TO NECESSARIES NOT APPLICABLE TO CLAIM OF A MERCHANDISE BROKER.

Common Pleas Court of Hamilton County.

ZEPF & COMPANY v. SAM R. DYE.

Decided, August 19, 1913.

*Attachment and Garnishment—Goods May Fall Within the Class of Necessaries—But Claim of Seller Not be Maintainable Thereunder.*
A claim by a merchandise broker, who has loaned his credit to one desiring to purchase goods by giving to such person an order on some merchant for the goods desired, and who never saw the goods himself, is not a claim for necessaries within the meaning of Section 10253, General Code, notwithstanding the goods so purchased fall within that class.

*William J. McCauley,* for plaintiff.
*Charles W. Spicer,* contra.

GORMAN, J.

Appeal from justice of the peace.

This cause is heard on appeal from a judgment of J. B. Hannah, justice of the peace in and for Miami township. The action below was one to recover a money judgment for clothing and furniture claimed to have been sold by the plaintiff to the defendant. An attachment was issued and garnishment process served upon C. F. Adams Company, claiming that said company was indebted to the defendant and had moneys belonging to him and due, being his wages. A motion was made below to discharge the attachment on the ground that the claim of the plaintiff was not for necessaries, and that being the ground upon which the attachment was issued, it was contended that the attachment must fall, if it appeared that the claim was not for necessaries.

The evidence, consisting of affidavits and oral testimony and admissions of counsel, show that the plaintiff, Zepf & Company, are merchandise brokers, engaged in lending their credit to persons who desire to purchase goods, giving orders to the persons upon merchants in this city, where the holder of the order goes and secures the goods he desires. The amount of the purchases are charged to the persons to whom the orders are issued, and the merchant who delivers the goods to the holder of the order, charges Zepf & Company.

There is no question but that the goods purchased in this cause are necessaries, but the goods were received from the Liberty Clothing Company, Fifth and Plum streets. The plaintiff never saw the goods. The plaintiff has no stock of goods on hand and does purely a brokerage business.

I am of the opinion that the claim of the plaintiffs is not one for necessaries. The plaintiffs simply loan their credit to the defendant, and the case stands as though the plaintiffs had loaned the defendant money and charged it to him as money had and received. It certainly would not be claimed that a loan of money was necessary for the maintenance of the defendant as goods and merchandise bought.

Upon the authority of *Schaap* v. *Flick*, 14 N.P.(N.S.), 260, I am of the opinion that the motion before the justice should have been granted. The above authority is a decision by Judge Dickson, on identically the same state of facts as in the case at

bar, and the reasoning of Judge Dickson in that case appears to me to be sound and logical.

My attention has been called to the case of *Zepf & Co.* v. *Kamp,* decided by Judge Geoghegan orally from the bench, in which it appears that he held in another case that the claim of this plaintiff, arising similar to the claim in the case at bar, was one for necessaries. But the finding of Judge Geoghegan in that case would indicate that Zepf & Company were engaged in the business of selling merchandise on installment, household goods and clothing, and that the defendant, Kamp, sought to purchase these goods and that Zepf & Company not having the particular goods on hand, gave him, Kamp, an order and the goods were delivered to Kamp by the person to whom the order was directed, and charged by Zepf & Company to Kamp. It may be that on the state of the facts in the case before Judge Geoghegan, his decision was the correct one to render.

However that may be, I am of the opinion that the facts in that case can be distinguished from those in the case at bar, and that the reasons given by Judge Dickson in the case above cited are more persuasive in influencing me to hold that the motion to discharge this attachment is well taken and the same will be granted, and an order made transmitting the original papers to the justice of the peace with direction to sustain the motion.